**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE SOCIETY HOUSE, LLC<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NEW JERSEY,<br><br>Defendant. | Civil Action No.<br><br><br>**DECLARATORY JUDGMENT**<br><br>**COMPLAINT** |

Plaintiff, **THE SOCIETY HOUSE, LLC** ("Society House"), by and through their undersigned counsel, by way of Declaratory Judgment Complaint against the Defendant, **STATE OF NEW JERSEY**, hereby states and alleges as follows:

**PRELIMNINARY STATEMENT**

1. This is an action for a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. The Society House, LLC ("Society House") seeks to establish and operate a community residence licensed as a Residential Health Care Facility ("RHCF") by the New Jersey Department of Community Affairs ("DCA") pursuant to the Residential Health Care Act, N.J.S.A. §§ 11A-1, et. seq. (the "Act"), in any residential zoning district in any municipality in the State of New Jersey.

3. A RHCF operated by Society House would serve adult residents who are ill or disabled, or who are otherwise in need of assistance with the activities of daily living, including those residents that develop dementia or terminal illnesses while living at the RHCF ("Disabled Residents").

4. Society House located and purchased a site to establish and operate a RHCF in a residential zoning district in the Township of West Caldwell, Essex County, New Jersey.

5. Society House was denied a zoning permit by the Township of West Caldwell to operate its community residence in the residential zoning district in the Township of West Caldwell, which does not permit a RHCF licensed by the DCA. Thus, Society House is required to seek a use variance in order to operate its community residence at the chosen location in West Caldwell, which Society House has been informed would likely be denied under the Township's Zoning Ordinance and the New Jersey Municipal Land Use Law ("MLUL").

6. Under the express provisions of the MLUL, community residences that operate just like a RHCF licensed by the DCA, and that serve similarly Disabled Residents, but which are licensed by the New Jersey Department of Health ("DOH") pursuant to the Community Residence for the Developmentally Disabled Act, N.J.S.A. §§ 30:11B-1, et. seq., are declared to be a permitted use in all residential districts of any municipality in the State of New Jersey.

7. By allowing certain Disabled Residents to reside in all residential districts in any municipality in the State, while denying other Disabled Residents the same right, the MLUL is inherently discriminatory in violation of the Fair Housing Act, the Americans with Disabilities Act, and the New Jersey Law Against Discrimination.

8. Society House now seeks a declaratory judgment (1) declaring the MLUL to be discriminatory by permitting certain community residences licensed by the DOH and servicing Disabled Residents to exist in all residential zones in a municipality, but denying the same privilege to a community residence licensed as a RHCF by the DCA and which serves similarly Disabled Residents, and (2) directing that the MLUL shall be interpreted and construed such that any community residence licensed as a RHCF pursuant to the Act shall be permitted in any residential

zoning district in any municipality in New Jersey and subject to the same requirements as any other single-family dwelling in that zoning district.

## THE PARTIES

9. Society House is a New Jersey Limited Liability Company, with its principal place of business located at 328 East Mount Pleasant Avenue, Livingston, NJ 07039.

10. The State of New Jersey is a body politic with principal office located in Trenton, New Jersey.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the Fair Housing Act Amendments, 42 U.S.C. §§ 3601, et. seq., and under the American with Disabilities Act, 42 U.S.C. §§ 12101, et. seq.

12. This Court has supplemental jurisdiction over the claims arising under the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, et. seq., pursuant to 42 U.S.C. § 1367.

13. An actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2202, which is of sufficient immediacy and reality to warrant declaratory relief.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Parties both reside in the District of New Jersey.

## RELEVANT STATUTORY & REGULATORY PROVISIONS

### A. Residential Health Care Facility

15. The Act defines RHCF to mean any facility, whether in single or multiple dwellings, whether public or private, whether incorporated or unincorporated, whether for profit or nonprofit, which:

> **(1)** is operated at the direction, or under the management, of an individual or individuals, a corporation, a partnership, a society, or an association;

  **(2)** furnishes food and shelter to four or more persons 18 years of age or older who are unrelated to the proprietor;

  **(3)** provides any one or more of such persons with dietary services, recreational activities, supervision of self-administration of medications, supervision of and assistance in activities of daily living, and assistance in obtaining health services; and

  **(4)** is regulated by either the DOH or the DCA.

See N.J.S.A. § 30:11A-1.

  16. The Act further provides that a RHCF shall operate within this State pursuant to a certificate of approval first had and obtained for that purpose from the DOH, or pursuant to a license had and obtained from the DCA. See N.J.S.A. § 30:11A-2.

  17. Under the Act, both the DOH and DCA are empowered to adopt, promulgate, and enforce such rules, regulations, and standards with respect to the RCHFs that are approved under the statute, that fall under each department's jurisdiction, and that each such department may deem to be necessary. See N.J.S.A. § 30:11A-3.

  18. An expressly stated purpose of the Act is to assure that Disabled Residents living in a RHCF are: (1) afforded the opportunity to live with as much independence, autonomy, and interaction with the surrounding community as they are capable of; (2) afforded a minimum standard of sanitation, housekeeping, heat, light, air, food, lodging, care, service, and fire safety which also preserves and promotes a homelike atmosphere appropriate to such facilities; and (3) not deprived of any constitutional, civil, or legal right solely by reason of their living in such facilities. Id.

  19. Both the DOH and the DCA have established rules and regulations governing the licensing and operation of RHCFs. See N.J.A.C. §§ 8:43-1.1, et seq. (DOH Rules and Regulations) and N.J.A.C. §§ 5:27A-1.1, et seq. (DCA Rules and Regulations).

20. Each RHCF in the state whether licensed by the DCA or the DOH must provide, at a minimum, personal care, health maintenance and monitoring, pharmacy, dietary, and recreational services in a homelike environment. See N.J.A.C. § 5:27A-4.1 and N.J.A.C. § 8:43-4.1.

21. Each RHCF must also provide health maintenance and monitoring services under the direction of a registered professional nurse, which must be available at all times (i.e., on call and capable of being reached by telephone). Each RHCF must also provide a minimum of 0.20 hours of nursing care from a registered professional nurse per resident per week. So long as the total minimum hourly requirement is met, the registered professional nurse shall determine whether visits to an individual resident shall be weekly, biweekly, or according to a schedule based on the individual resident's needs, as determined by the nurse's assessment. See N.J.A.C. § 5:27A-9.1 and N.J.A.C. § 8:43-9.1.

22. A RHCF licensed by the DOH must be attached to another licensed long-term care facility that provides food, shelter, supervised health care and related services in a homelike setting.

23. A RHC licensed by the DCA is a free-standing facility that is not located with, and operated by, a licensed health care facility. See N.J.S.A. § 30:11A-3.

**B. The Municipal Land Use Law**

24. The MLUL governs the zoning and planning functions in all of New Jersey's municipalities and is intended, among other things, to encourage municipal action to guide the appropriate use or development of all lands in this State, in a manner which will promote the public health, safety, morals, and general welfare. See N.J.S.A. 40:55D-1.

25. Under the express provisions of the MLUL, free-standing community residences that operate just like a Society House RHCF, and that serve similar Disabled Residents, but are

licensed by the DOH pursuant to the Community Residence for the Developmentally Disabled Act, N.J.S.A. §§ 30:11B-1, et. seq., are declared and deemed to be a permitted use in any residential district in any municipality in the State of New Jersey. See N.J.S.A. § 40:55D-66.1.

26. The MLUL expressly permits in all residential districts in any municipality the following community residences:

- Community residence for persons with terminal illnesses;
- Community residences for adults with physical disabilities, Alzheimer's disease, and related disorders (i.e., dementia characterized by a general loss of intellectual abilities of sufficient severity to interfere with social or occupational functioning).
- Community residence for persons with developmental disabilities;
- Community shelter for victims of domestic violence;
- Community residence for persons with head injuries;
- Adult family care homes for persons who are elderly;

See N.J.S.A. § 40:55D-66.2.

27. Like a community residence licensed as a RHCF by the DCA, these facilities provide food, shelter, personal guidance, medical care and monitoring, and other services to not more than 15 persons living together in a homelike setting. Id.

**C. The Fair Housing Act Amendments**

28. The Fair Housing Act Amendments ("FHA") prohibit housing discrimination due to a person's disability or handicap. See 42 U.S.C. § 3604(0(1).

29. The FHA defines "handicap" as "a physical or mental impairment which substantially limits one or more of such person's major life activities." See 42 U.S.C. § 3602(h)(1).

30. Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling . . . ." 42 U.S.0 § 3604(f(3)(B).

31. The FHA invalidates "any law of a state . . . that purports to require or permit any action that would be a discriminatory housing practice under this subchapter." See 42 U.S.C. § 3615.

**D. The Americans With Disabilities Act**

32. Title II of the Americans With Disabilities Act ("ADA") prohibits state and local governments from discriminating against individuals on the basis of disability. See 42 U.S.C. § 12132.

33. The ADA defines "disability" to mean a physical or mental impairment that substantially limits one or more major life activities of an individual and a record of such an impairment or being regarded as having such an impairment. See 42 U.S.C. § 12102.

**E. The New Jersey Law Against Discrimination**

34. Under the New Jersey Law Against Discrimination ("NJLAD"), it is unlawful discrimination to exercise the power to regulate land use or housing in a manner that discriminates on the basis of disability. See N.J.S.A. § 10:5-12.5(a).

35. "Disability" under the NJLAD means physical or sensory disability, infirmity, malformation, or disfigurement which is caused by bodily injury, birth defect, or illness including epilepsy and other seizure disorders, and which shall include, but not be limited to, any degree of paralysis, amputation, lack of physical coordination, blindness or visual impairment, deafness or hearing impairment, muteness or speech impairment, or physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device, or any mental, psychological, or developmental disability, including autism spectrum disorders, resulting from anatomical,

psychological, physiological, or neurological conditions which prevents the typical exercise of any bodily or mental functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques. Disability shall also mean AIDS or HIV. See N.J.S.A. § 10:5-5(q).

## SOCIETY HOUSE'S RHCF

36. Society House develops and operates RHCFs for Disabled Residents, including those residents that develop dementia or terminal illnesses while living at Society House's RHCF.

37. Society House currently operates a community residence licensed as a RHCF by the DCA in the Township of Livingston, Essex County, New Jersey, which houses 15 residents.

38. Society House residences are single family homes that are not institutions and are not wings or units that are part of a larger campus or institutional setting.  The homes are traditionally located in single family residential neighborhoods.

39. A Society House RHCF is indistinguishable from single family homes from both the outside façade and the inside layout.  They have a front yard and back yard lawn, landscaping, and a driveway like any other single-family home.

40. While the residents each have their own private or semi-private bedroom, they share a living room and dining room, and share other indoor and outdoor activities together just as a typical family might do.

41. The residents interact like any other traditional family living under one roof together.  They eat home-cooked meals, play games, do arts and crafts, watch television, listen to music, garden, and engage in other sundry activities.

42. Because of their disabilities, the Disabled Residents need personal care assistance with the activities of daily living, and their disabilities are an impairment that substantially limits their ability to engage in the activities of daily living.

43. Society House sought to operate a community residence licensed as RHCF by the DCA at 199 Forest Avenue, Block 205, Lot 12 in the Township of West Caldwell, Essex County, New Jersey.

44. The proposed site for the Society House RHCF in West Caldwell is located in the R-4 Single Family Residential District.

45. On or about March 9, 2020, Society House applied for a Zoning Permit to operate a 29-bed RHCF at the proposed site. That same day, Zoning Permit #Z-20-053 was issued by the Township Planning & Zoning Official for a Single-Family Residential Adult Family Care Home for elderly persons and physically disabled adults.

46. The Zoning Permit was issued for a Single-Family Residential Adult Family Care Home even though Society House's application clearing indicates that it seeks to operate a RHCF.

47. Based upon the Zoning Permit being issued, Society House purchased the site and moved forward with its plan to operate a community residence at the proposed site.

48. Society House subsequently filed for a construction permit and submitted architectural plans and drawings for the community residence.

49. At or about that same time, the Township Planning & Zoning Official who previously issued Zoning Permit #Z-20-053 determined that the zoning permit was issued in error.

50. In a subsequent letter dated December 4, 2020, the Township Planning & Zoning Official noted, among other things, that the community residence proposed by Society House, which is licensed as a RHCF by the DCA, is not a principally permitted use in the R-4 Single Family Residential District in the Township of West Caldwell.

51. The Township Planning & Zoning Official also noted in the December 4, 2020 letter that the community residence proposed by Society House, which is licensed by the DCA, is not a principally permitted use within all residential districts under the express provisions of the MLUL like the community residences licensed by the DOH, which also serve Disabled Residents.

52. Because the RHCF licensed by the DCA is not a principally permitted use in the Township of West Caldwell's R-4 Single Family Residential District, and not a principally permitted use in all residential zones under the MLUL like those community residences licensed by the DOH, the Township Planning & Zoning Official informed Society House that it must apply for and obtain a use variance in order to operate its planned RHCF in the R-4 Single Family Residential District in the Township of West Caldwell.

53. Society House was informed by the Township of West Caldwell that its application for use variance would likely be denied under the Township's zoning ordinance and under the MLUL.

**THE MLUL IS DISCRIMINATORY ON ITS FACE**

54. By allowing certain Disabled Residents to reside in all residential districts of a municipality in community residences licensed by the DOH, while denying other Disabled Residents the same right if they reside in a community residence licensed as a RHCF by the DCA, the MLUL is inherently discriminatory.

55. Consequently, a community residence for Disabled Residents who choose to reside in a RHCF licensed by the DCA and operated by Society House cannot be established as of right in all residential zoning districts like a residence for non-disabled residents, or a community residence licensed by the DOH, which operates in the same manner as a RHCF licensed by the DCA.

56. Instead, Disabled Residents opting to live in a community residence licensed by the DCA as a RHCF and operated by Society House can only reside in a residential district if Society House obtains a use variance from the Township of West Caldwell, or any other municipality that does not permit a RHCF licensed by the DCA in any residential district.

57. The Society House RHCF that is currently operating as a community residence for Disabled Residents in a single-family residential district in the Township of Livingston, NJ, is indistinguishable from other residential homes in the neighborhood, and has not had a negative impact on the surrounding neighborhood and community.

58. The State of New Jersey has no legitimate reason to exclude a community residence licensed as a RHCF by the DCA from residential districts throughout the State, while at the same time permitting the very same type of facilities licensed by the DOH to operate in all residential districts in all municipalities.

59. The MLUL is facially discriminatory in that it treats a RHCF licensed by the DCA for certain Disabled Residents less favorably than it does a residence for non-disabled residents and a community residence for Disabled Residents licensed by the DOH with no legitimate reason for that distinction.

60. Consequently, by drawing this inappropriate distinction, the MLUL violates both federal and state law.

## **COUNT ONE**

(Declaratory Judgement as to violation of the Federal Fair Housing Act Amendments)
(42 U.S.C. §§ 3601, et. seq.)

61. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 60 above as if set forth at length herein.

62. As a provider of housing for Disabled Residents, Society House has standing to bring this action under the FHA.

63. The Disabled Residents that reside in Society House's RHCF are persons with a handicap as defined by the FHA as they have a physical or mental impairment which substantially limits one or more of their major life activities.

64. The State of New Jersey is a public entity covered and bound by the provisions of the FHA.

65. By failing to expressly grant Disabled Residents who reside in a community residence licensed as a RHCF by the DCA the same right to live in any residential zone in any municipality in the State of New Jersey, the MLUL treats the handicapped people that reside in a RHCF licensed by the DCA differently than it does non-handicapped people and handicapped people that reside in a community residence licensed by the DOH, which are permitted by the MLUL in all residential districts in every municipality in the State.

66. This distinction is facially discriminatory in violation of the FHA.

67. This distinction also undermines the express purpose of the Act, which is to assure that Disabled Residents living in a RHCF are afforded the opportunity to live with as much independence, autonomy, and interaction with the surrounding community as they are capable of and not deprived of any constitutional, civil, or legal right solely by reason of their living in such facilities.

68. The State has no legitimate governmental interest in treating a community residence for handicapped people that reside in a RHCF licensed by the DCA differently from a residence for non-handicapped people or a community residence for handicapped people residing in a similarly operated facility licensed by the DOH.

69. Pursuant to the FHA, any law of a State, a political subdivision, or other such jurisdiction that purports to require or permit any action that would be a discriminatory housing practice shall to that extent be invalid.

70. New Jersey is not immune under the eleventh amendment to the Constitution of the United States from an action alleging violation of the FHA, and in any action against New Jersey remedies, including remedies both at law and in equity, are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

71. As a result of the facts described in the foregoing Paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to whether the MLUL violates the provisions of the FHA.

## COUNT TWO

(Declaratory Judgment as to violation of the Americans With Disabilities Act)
(42 U.S.C. §§ 12101 et. seq.)

72. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 71 above as if set forth at length herein.

73. As a provider of housing for people with disabilities, Society House has standing to bring this action under the ADA.

74. The persons that Society House is seeking to house are persons with disabilities that also meet the definition of that term under the ADA because they have a physical or mental impairment that substantially limits one or more major life activities.

75. The State of New Jersey is a public entity covered and bound by the terms of the ADA.

76. By failing to expressly grant disabled people who reside in a RHCF licensed by the DCA the same right to live in any residential zone in any municipality in the State of New Jersey, the MLUL treats the disabled people that reside in a RHCF licensed by the DCA differently than it does non-disabled people and disabled people that reside in a community residence licensed by the DOH, which are permitted by the MLUL in all residential districts in every municipality in the State.

77. By failing to grant people with disabilities that reside in a RHCF licensed by the DCA the same right to live in any residential zone in any municipality in the State of New Jersey, the MLUL treats the disabled people that reside in a RHCF licensed by the DCA differently than it does non-disabled people and disabled people who reside in a community residence licensed by the DOH, which are permitted by the MLUL in all residential districts in every municipality in the State.

78. This distinction is facially discriminatory in violation of the ADA.

79. This distinction also undermines the express purpose of the Act, which is to assure that Disabled Residents living in a RHCF are afforded the opportunity to live with as much independence, autonomy, and interaction with the surrounding community as they are capable of and not deprived of any constitutional, civil, or legal right solely by reason of their living in such facilities.

80. The State has no legitimate governmental interest in treating a community residence for disabled people residing in a RHCF licensed by the DCA differently from a residence for non-disabled people or a community residence for disabled people residing in a similarly operated facility licensed by the DOH.

81. New Jersey is not immune under the eleventh amendment to the Constitution of the United States from an action alleging violation of the ADA, and in any action against a New Jersey remedies, including remedies both at law and in equity, are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

82. As a result of the facts described in the foregoing Paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to whether the MLUL violates the provisions of the ADA.

## COUNT THREE

(Declaratory Judgment as to violation of the New Jersey Law Against Discrimination)
(N.J.S.A. §§ 10:5-1 et. seq.)

83. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 82 above as if set forth at length herein.

84. The NJLAD makes it unlawful to discriminate against any buyer or renter because of the disability of a person residing in or intending to reside in a dwelling after it is sold, rented, or made available or because of any person associated with the buyer or renter.

85. As a provider of housing for people with disabilities, Society House has standing to bring this action under the NJLAD.

86. The people residing in a RHCF operated by Society House are persons with disabilities that also meet the definition of that term under the NJLAD because they have a physical

or sensory disability, infirmity, lack of physical coordination, physical reliance on a service or guide dog, wheelchair, or other remedial appliance or device, or a mental, psychological, or developmental disability.

87. The State of New Jersey is a public entity covered and bound by the terms of the NJLAD.

88. By failing to expressly grant disabled people who reside in a RHCF licensed by the DCA the same right to live in any residential zone in any municipality in the State of New Jersey, the MLUL treats the disabled people that reside in a RHCF licensed by the DCA differently than it does non-disabled people and disabled people that reside in a community residence licensed by the DOH, which are permitted by the MLUL in all residential districts in every municipality in the State.

89. This distinction is facially discriminatory in violation of the NJLAD.

90. This distinction also undermines the express purpose of the Act, which is to assure that Disabled Residents living in a RHCF are afforded the opportunity to live with as much independence, autonomy, and interaction with the surrounding community as they are capable of and not deprived of any constitutional, civil, or legal right solely by reason of their living in such facilities.

91. The State has no legitimate governmental interest in treating a community residence for disabled people residing in a RHCF licensed by the DCA differently from a residence for non-disabled people or a community residence for disabled people residing in a similarly operated facility licensed by the DOH.

92. New Jersey is not immune from an action alleging violation of the NJLAD, and in any action against New Jersey remedies, including remedies both at law and in equity, are

available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

93. As a result of the facts described in the foregoing Paragraphs, an actual controversy of sufficient immediacy exists between the Parties as to whether the MLUL violates the provisions of the NJLAD.

**PRAYER FOR RELIEF**

**WHEREFORE**, The Society House, LLC respectfully requests that the Court grant the following relief:

(1) Declare and adjudge the New Jersey Municipal Land Use Law, N.J.S.A. §§ 40:55D-66.1 and 66.2, to be in violation of the Federal Fair Housing Act Amendments, 42 U.S.C. §§ 3601, et. seq., because it does not permit a Residential Health Care Facility licensed by the New Jersey Department of Community Affairs pursuant to the Facilities for Residential Health Care Act, N.J.S.A. §§ 11A-1, et seq., to operate in every single-family residential district in every municipality in the State of New Jersey;

(2) Declare and adjudge the New Jersey Municipal Land Use Law, N.J.S.A. §§ 40:55D-66.1 and 66.2, to be in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et. seq., because it does not permit a Residential Health Care Facility licensed by the New Jersey Department of Community Affairs pursuant to the Facilities for Residential Health Care Act, N.J.S.A. §§ 11A-1, et seq., to operate in every single-family residential district in every municipality in the State of New Jersey;

(3) Declare and adjudge the New Jersey Municipal Land Use Law, N.J.S.A. §§ 40:55D-66.1 and 66.2, to be in violation of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, et. seq., because it does not permit a Residential Health Care Facility licensed by the New Jersey Department of Community Affairs pursuant to the Facilities for Residential Health Care Act, N.J.S.A. §§ 11A-1, et seq., to operate in every single-family residential district in every municipality in New Jersey;

(4) Declare and adjudge that a Residential Health Care Facility licensed by the New Jersey Department of Community Affairs pursuant to the New Jersey Facilities for Residential

Health Care Act, N.J.S.A. §§ 11A-1, et. seq., be permitted to operate in any single-family residential district in any municipality in New Jersey in the same manner as all similar community residences licensed by the New Jersey Department of Health pursuant to the Community Residence for the Developmentally Disabled Act, N.J.S.A. §§ 30:11B-1, et. seq., as expressly permitted by the New Jersey Municipal Land Use Law, N.J.S.A. §§ 40:55D-66.1 and 66.2; and,

(5) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding, except as disclosed herein.

Respectfully submitted,

**SCHENCK, PRICE, SMITH & KING, LLP**

By: /s/Joseph Maddaloni, Jr.
Joseph Maddaloni, Jr., Esq. (JM 1871)
220 Park Avenue, P.O. Box 991
Florham Park, NJ 07932
Telephone: (973) 539-1000
Facsimile: (973) 540-7300
Email: jmj@spsk.com
*Attorneys for Plaintiff,*

Dated: June 28, 2021    *The Society House, LLC*